

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-CR-104-CWR-FKB

JOHN DAVIS  18 U.S.C. § 371
18 U.S.C. § 666

**THE UNITED STATES CHARGES:**

### General Allegations

At all times material to this Information, unless otherwise specified:

### Relevant Background

1. The Mississippi Department of Human Services ("MDHS") was a Mississippi state entity responsible for, among other things, overseeing the distribution of federal funds from the Temporary Assistance to Needy Families program ("TANF"), The Emergency Food Assistance Program ("TEFAP"), and other federal programs. MDHS received in excess of $10,000 a year in federal benefits during each relevant calendar year.

2. TANF was a federal safety-net program of the United States Department of Health and Human Services ("DHHS") that provided federal funds to states and territories to provide assistance to low-income families with children.

3. TEFAP was a federal safety-net program of the United States Department of Agriculture ("USDA") that helped supplement the diets of low-income individuals by providing them with emergency food assistance at no cost.

4. Recipients of TANF and TEFAP funds were required to follow certain regulations and reporting requirements to ensure the funds were used in alignment with the goals of the TANF and TEFAP programs.

**Relevant Entities**

5. Organization 1 was a non-profit organization registered in Mississippi on or about June 22, 1992.

6. Organization 2 was a non-profit organization registered in Mississippi on or about May 22, 1998.

7. Company 1 was a Limited Liability Company registered in Wyoming on or about June 25, 2018.

8. Company 2 was a Limited Liability Company registered in Mississippi on or about May 11, 2017.

**Defendant and Co-Conspirators**

9. Defendant **JOHN DAVIS** ("**DAVIS**") was appointed as the executive director of MDHS and served in that capacity from on or about February 1, 2016, until on or about July 31, 2019. As the executive director, **DAVIS** was an agent of MDHS.

10. Co-Conspirator 1 was the executive director of Organization 1.

11. Co-Conspirator 2 was the executive director of Organization 2.

12. Co-Conspirator 3 was a resident of Madison County, Mississippi. Co-Conspirator 3 owned 99 percent of Company 1 and was the sole owner of Company 2.

13. Co-Conspirator 4 was a resident of Hinds County, Mississippi.

**COUNT 1**
**(18 U.S.C. § 371 – Conspiracy)**

14. Paragraphs 1 through 13 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

15. Beginning in or around 2016 and continuing through at least in or around 2019, the exact dates being unknown, in Hinds County in the Northern Division of the Southern

District of Mississippi, and elsewhere, the defendant, **JOHN DAVIS**, knowingly and willfully, that is, with intent to further the objects of the conspiracy, conspired and agreed with Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, Co-Conspirator 4 (collectively, the "Co-Conspirators"), and other individuals, known and unknown, to commit certain offenses against the United States, namely:

    a. to knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; and

    b. to embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner and intentionally misapply, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of MDHS, which received during each of the relevant calendar years federal benefits in excess of $10,000, in violation of Title 18, United States Code, Section 666(a)(1)(A).

### The Purpose of the Conspiracy

16.     The purpose of the conspiracy was for **DAVIS**, the Co-Conspirators, and others to obtain through fraud and to divert federal funds intended for needy families and low-income individuals for their personal use and benefit.

## Manner and Means of the Conspiracy

17.   The manner and means by which **DAVIS**, the Co-Conspirators, and others sought to accomplish and did accomplish the purpose of the conspiracy included, but were not limited to, the following:

18.   In furtherance of the conspiracy, after federal funds, including TANF and TEFAP funds, were issued to MDHS for distribution to needy families and low-income individuals, **DAVIS**, and at times others, directed MDHS to subgrant these funds to Organization 1 and Organization 2 under the false pretense that both Organization 1 and Organization 2 would use the federal funds solely to fulfill the goals and mandates of the federal programs from which the funds originated and consistent with the programs' rules and regulations.

19.   In furtherance of the conspiracy, **DAVIS,** and at times others, directed Co-Conspirator 1 for Organization 1 and Co-Conspirator 2 for Organization 2 to award sham contracts purportedly for the delivery of social services to various individuals and entities that **DAVIS,** and at times others, personally selected knowing that those individuals and entities were not qualified to provide social services and/or would not provide them.

20.   As part of the conspiracy, **DAVIS** and, at times others, directed Co-Conspirator 1 for Organization 1 and Co-Conspirator 2 for Organization 2 to disburse full or almost full payments pursuant to the sham contracts at or near the beginning of the applicable contract periods, regardless of whether any work had been performed and knowing that no work would ever be performed.

21.   As a result of the actions of **DAVIS**, the Co-Conspirators, and others, millions of dollars in federal safety-net funds were diverted from needy families and low-income individuals in Mississippi.

**Overt Acts**

22. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere:

23. On or about June 22, 2018, Organization 2 made a payment through interstate wire communications in the approximate amount of $497,987 in federal funds to Company 2.

24. On or about June 26, 2018, at **DAVIS**'s direction, Organization 2 entered into a contract with Company 1 for approximately $1,000,000 purportedly in exchange for creating a program to serve inner-city youth.

25. On or about June 26, 2018, Organization 2 made a payment through interstate wire communications in the approximate amount of $350,000 in federal funds to Company 1.

26. On or about August 23, 2018, Organization 2 made a payment through interstate wire communications in the approximate amount of $350,000 in federal funds to Company 1.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**(Theft Concerning Programs Receiving Federal Funds – 18 U.S.C. §§ 666(a)(1)(A) and 2)**

27. Paragraphs 1 through 13 and paragraphs 16 through 26 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

28. From in or around February 2016 continuing until at least in or around July 2019, the exact dates being unknown, in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **JOHN DAVIS**, being an agent of MDHS, an agency of the State of Mississippi that received in each calendar year from 2016 to 2019 benefits in excess of $10,000 in federal funds under TANF and TEFAP, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person

other than the rightful owner, and intentionally misapplied, property that was valued at $5,000 or more during each calendar year from 2016 to 2019, and that was owned by, under the care, custody, and control of MDHS, an agency of the State of Mississippi, that is: federal grants in excess of $10,000 to MDHS from DHHS, the USDA and other federal agencies.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(a), **JOHN DAVIS** is hereby notified that upon pleading guilty to both counts of this Information, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting, or derived from, any proceeds **JOHN DAVIS** obtained, directly or indirectly, as the result of such violation.

The property subject to forfeiture includes United States currency in the form of a money judgment representing the proceeds **JOHN DAVIS** received in the course of the violations charged in this Information.

If any of the directly traceable forfeitable property, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be divided without difficulty;

then it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), and as incorporated by

28 U.S.C. § 2461(c), to seek forfeiture of any other property of **JOHN DAVIS** up to the amount of proceeds **JOHN DAVIS** received in the course of the violations charged in this Information.

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

_____
DARREN J. LAMARCA
United States Attorney
Southern District of Mississippi

_____
GLENN LEON
Chief, Fraud Section
Department of Justice

_____
JAMES CURT BOHLING
Acting Chief, Money Laundering and
    Asset Recovery Section
Department of Justice