# PLEA AGREEMENT





| Subject:<br>**United States v. John Davis**<br>Criminal No. 3:22-CR- 104 CWR FKB | Date:<br>September 14, 2022 |
|---|---|

To:
Merrida P. Coxwell
Charles R. Mullins
Coxwell & Associates
500 N State St
Jackson, MS 39201

From:
Dave Fulcher
Andrew W. Eichner
Assistant United States Attorney
Southern District of Mississippi
Criminal Division

Della Sentilles
Trial Attorney
Fraud Section, Department of Justice

Adrienne E. Rosen
Trial Attorney
Money Laundering and Asset Recovery
Section, Department of Justice

JOHN DAVIS, Defendant herein, and MERRIDA COXWELL and CHARLES R. MULLINS, attorneys for Defendant, have been notified and understand and agree to the items contained herein, as well as in the Plea Supplement, and that:

1. **Counts of Conviction.** It is understood that, as of the date of this Plea Agreement, Defendant and Defendant's attorneys have indicated that Defendant desires to waive Indictment and plead guilty under oath to an Information charging Defendant in Count 1 with a violation of Title 18, United States Code, Section 371 for conspiracy to commit federal offenses and in Count 2 with a violation of Title 18, United States Code, Section 666(a)(1)(A) for theft concerning programs receiving federal funds.

2. **Sentence.** Defendant understands that the penalty for the offense charged in Count 1 of the Information, charging a violation of Title 18, United States Code, Section 371, is not more than 5 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000 and that the penalty for the offense charged in Count 2 of the Information, charging a violation of Title 18, United States Code, Section 666(a)(1)(A), is not more than 10 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000.

Defendant further understands that if a term of supervised release is imposed, that term will be in addition to any prison sentence Defendant receives; further, if any of the terms of Defendant's supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions.

It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that Defendant is liable to make restitution for the full amount of the loss determined by the Court, to include relevant conduct, which amount is not limited to the counts of conviction. Defendant further understands that if the Court orders Defendant to pay restitution, restitution payments cannot be made to the victim directly but must be made to the Clerk of Court, Southern District of Mississippi.

3.  **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorneys have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea. Defendant recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

4.  **Breach of This Agreement and Further Crimes.** It is further understood that should Defendant fail or refuse as to any part of the Plea Agreement or Plea Supplement, or if the Defendant commits any further crimes, then, at its discretion, the U.S. Attorney's Office for the Southern District of Mississippi ("U.S. Attorney"),the United States Department of Justice, Criminal Division, Fraud Section, and the United States Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section ((collectively, the "United States") may treat such conduct as a breach of this Plea Agreement, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the United States has not sought as a result of this Plea Agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause, and any federal criminal violation of which this office has knowledge.

5.  **Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title18, United States Code, Section 3013, to the Office of the United States District Court Clerk. Defendant shall thereafter produce proof of payment to the United States or the U.S. Probation Office. If the Defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while Defendant is incarcerated. Defendant understands and agrees that pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, Defendant agrees to complete a Department of Justice Financial Statement no later than within

seven days of the date the guilty plea is entered and provide same to the undersigned Assistant United States Attorneys and Trial Attorneys. Defendant also agrees to provide all of Defendant's financial information the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant understands and agrees that Defendant shall participate in the Treasury Offset Program until any and all monetary penalties are satisfied and paid in full by Defendant.

6. **Transferring and Liquidating Assets.** Defendant understands and agrees that Defendant is prohibited from transferring or liquidating any and all assets held or owned by Defendant as of the date this Plea Agreement is signed. Defendant must obtain prior written approval from the U.S. Attorney's Financial Litigation Unit prior and DOJ's Money Laundering and Asset Recovery Section to the transfer or liquidation of any and all assets after this Plea Agreement is signed and if Defendant fails to do so the Defendant understands and agrees that an unapproved transfer or liquidation of any asset shall be deemed a fraudulent transfer or liquidation.

7. **Future Direct Contact With Defendant.** Defendant and Defendant's attorneys acknowledge that if forfeiture, restitution, a fine, or special assessment, or any combination of forfeiture, restitution, fine, or special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and Defendant's attorneys understand that it is essential that defense counsel contact the U.S. Attorney's Financial Litigation Unit immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents Defendant and the Financial Litigation Unit will communicate directly with Defendant regarding collection of the financial obligations imposed by the Court. Defendant and Defendant's attorneys understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

8. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of Defendant's rights to remain silent, to trial by jury, to subpoena witnesses on Defendant's own behalf, to confront the witnesses against Defendant, and to appeal the conviction and sentence, in exchange for the United States entering into this Plea Agreement and accompanying Plea Supplement, hereby expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):

      a.     the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

      b.     the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

      c.     any right to seek attorney fees and/or costs under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

      d.     all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by Defendant or by Defendant's representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

      e.     Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

      f.     Defendant further acknowledges that Defendant's attorneys have advised Defendant of Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant knowingly and voluntarily waives these rights and agrees that such waiver becomes effective upon Defendant's signing of this Plea Agreement. Defendant agrees that this Plea Agreement and accompanying Plea Supplement, along with any and all factual statements made, adopted, or admitted by Defendant in any form or forum, including at Defendant's plea hearing, can be used against Defendant, without limitation, at any time in any proceeding, including at any trial in this case, should Defendant fail or refuse to fulfill any part of this Plea Agreement and accompanying Plea Supplement and/or should Defendant commit any further crimes, regardless of whether this Plea Agreement and accompanying Plea Supplement have been accepted by the Court. Defendant specifically waives any objection—pursuant to Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other basis—to the use of any and all facts or information to which the Defendant admits or adopts in conjunction with this Plea Agreement or otherwise, including facts and information admitted or adopted by Defendant in open court during Defendant's plea hearing.

Defendant admits to being guilty of a violation of 18 U.S.C. § 666(a)(1)(A) and a violation of 18 U.S.C. § 371, as alleged in the Information.

Defendant waives these rights in exchange for the United States entering into this Plea Agreement and accompanying Plea Supplement.

9. **Forfeiture**

a. Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses to which he is pleading guilty pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment which represents the value of the property subject to forfeiture.

b. Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

c. Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

10. **Complete Agreement.** It is further understood that this Plea Agreement and the Plea Supplement completely reflects all promises, agreements and conditions made by and between the United and Defendant.

Defendant and Defendant's attorneys of record declare that the terms of this plea agreement have been:

1. READ BY OR TO DEFENDANT;
2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
3. UNDERSTOOD BY DEFENDANT;

4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
5. AGREED TO AND ACCEPTED BY DEFENDANT.

WITNESS OUR SIGNATURES, as set forth below.

_[signature]_       09-15-2022
John Davis      Date
Defendant

_[signature]_      9-15-2022
Merrida Coxwell      Date
Attorney for Defendant

_[signature]_      9-15-22
Charles R. Mullins      Date
Attorney for Defendant

DARREN J. LAMARCA
United States Attorney

By: _[signature]_      9/21/22
Dave Fulcher      Date
Andrew W. Eichner
Assistant United States Attorneys

GLENN LEON
Chief, Fraud Section
Department of Justice

By: _[signature]_      09/15/2022
Della Sentilles      Date
Trial Attorney

CURT BOHLING,
Acting Chief, Money Laundering and
Asset Recovery Section
Department of Justice

By: _[signature]_      09/15/2022
Adrienne E. Rosen      Date
Trial Attorney